# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALLAN KUEHNEMUND et al. | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | 07-cv-83E |
| AGRIUM, INC, | ) | |
| Defendant | ) | |

## OPINION

Pending before the Court are Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and For Improper Venue [Doc. #16] and Plaintiff's "Motion to Begin Inquiry pursuant to U.S.C. 28 §1746" [Doc. #21]. For the reasons set forth below, both Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Plaintiff's Motion to Begin Inquiry are denied.

## I. Background.

Plaintiff is suing Agrium for breach of contract, breach of fiduciary duty, breach of implied warranty, and breach of express warranty as a result of these crop failures and crop losses. This Court's jurisdiction is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

Relevant to the motions at issue, Plaintiff alleges the following in his Second Amended Complaint. Plaintiff resides in Pennsylvania. Second Amended Complaint, ¶ 1. Defendant Agrium, Inc. ("Agrium" or "the Company") is a foreign corporation domiciled in Calgary, Alberta, Canada, and having an office, among other places, in the State of Colorado. Id. at ¶ 4. From 1998 through 2001, Plaintiff bought altered, contaminated and otherwise ineffective

fertilizer, chemicals and other related services from a subsidiary of Agrium for use by Plaintiff's business, Kuehnemund Potato Farm, which was located in Michigan. Id. at ¶¶ 3, 5, and 9. Plaintiff suffered crop losses and crop failures due to his use of the altered, contaminated, and otherwise ineffective fertilizer, chemicals and other related services purchased from this subsidiary. Id. at ¶¶ 6-7.

## II. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.

In its Brief in support of its Motion to Dismiss, Agrium contends that Plaintiff's claims against it all must be dismissed for lack of personal jurisdiction and improper venue because: "(1) Plaintiff does not allege any connection between Agrium and Pennsylvania; (2) Plaintiff does not allege that any of the events giving rise to his claims occurred in Pennsylvania; and (3) Agrium has no connection with Pennsylvania." Defendant's Brief, p. 1.

Agrium's Supporting Brief is supported by the Declaration of Gary J. Daniel ("Attorney Daniel"), who is Senior Legal Counsel and Assistant Corporate Secretary for Agrium. Daniel Declaration, ¶ 2. Attorney Daniel states the following in his Declaration. First, Agrium is a Canadian corporation with its principal place of business in Calgary, Alberta, Canada. Id. at ¶ 3. Agrium has not consented to jurisdiction in Pennsylvania. Id. at ¶ 4. Agrium does not currently conduct business in Pennsylvania or currently sell its products or services in Pennsylvania. Id. at ¶ 5. Agrium has not conducted any business in Pennsylvania within the last five years or sold its products or services in Pennsylvania in the last five years. Id. Agrium does not have any offices in Pennsylvania and does not have any employees in Pennsylvania. Id. at ¶ 6. Agrium is not incorporated or licensed to do business in Pennsylvania. Id. at ¶ 7. Agrium has never filed tax returns with the Commonwealth of Pennsylvania. Id. at ¶ 8. Agrium does not file administrative

2

reports with any agency or department of Pennsylvania. Id. at ¶ 9. Agrium does not regularly purchase products or supplies within Pennsylvania for use in its business outside of Pennsylvania. Id. at ¶ 10. Agrium does not own any land or property in Pennsylvania. Id. at ¶ 11. Agrium does not advertise in Pennsylvania. Id. at ¶ 12. Agrium does not maintain an agent in Pennsylvania. Id. at ¶ 13.

Plaintiff has filed an Opposition brief in response to Defendant's Motion to Dismiss ("Plaintiff's Opposition Brief"). In his Opposition Brief, Plaintiff contends that "[t]he issue of personal jurisdiction is clear. Agrium, Inc./CPS is a foreign corporation selling its products internationally and nationally (including Pennsylvania) and subject to diversity of citizenship and jurisdiction of the United States Court, in the Western District of Pennsylvania." Plaintiff's Opposition Brief, p. 3. In support thereof, Plaintiff first argues that Attorney Daniel's Declaration is false in that Attorney Daniel denies commercial activity by Agrium in Pennsylvania when, "[i]n fact, the main sales office of the entire Eastern Division of Agrium, Inc/CPS is but 75 miles from Pennsylvania." Id. at 2. Plaintiff next argues that Agrium is a multi international corporation and its subsidiaries, including CPS, sell liquid fertilizer and other agricultural products and services. Id. "Agrium, Inc./CPS does business in all agricultural states and foreign countries and to claim that 'Agrium, Inc. does not currently conduct business in Pennsylvania is a blatant falsehood." Id. Finally, Plaintiff argues that "Agrium, Inc./CPS maintains a retail sales order website as www.agrium.com and www.cropproductionservices.com. These websites are direct order sites for Agrium, Inc., products and do not exclude sales of Agrium, Inc./CPS products and services to Pennsylvania." Id. at p. 3.

3

Attached to Plaintiff's Opposition Brief are a number of exhibits. Relevant to Defendant's Motion to Dismiss are exhibits C, D, and E. Exhibit C is an Agrium pamphlet that states "north and south america's premier retailed of crop production inputs" and lists as one of Agrium's operating segments Crop Production Services (CPS). This pamphlet also includes: (1) a map entitled "retail operating territory" which indicates that a Crop Production Services (CPS) facility is located in northeast Pennsylvania; and (2) a list of Agrium's division offices While there is not a division office located in Pennsylvania, there is one listed in Cobleskill, New York.

Exhibit D is a map that shows that Cobleskill, New York is located 75 miles from the Pennsylvania border.

Exhibit E is a two-page document. Page 1 of Exhibit E concerns Agrium Inc. and states, in relevant part, that "[f]or more information about Agrium, contact its website: www.agrium.com." Page 2 of Exhibit E concerns Crop Production Services (CPS) and states, in relevant part, that CPS was "[p]urchased by Agrium in 1993," it is a "[f]ull-service agricultural retailer," located in "16 states from the Corn Belt to the East Coast," and "[f]or more information about CPS, contact its website: www.cropproductionservices.com.

In opposition to Defendant's Motion to Dismiss, Plaintiff also has filed documents entitled "Addendum to Opposition to Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Default, Motion to Begin Inquiry Pursuant to U.S.C. 28 §1746" ("Addendum") and "Traverse to Defendant Agrium, Inc/CPS Response in Opposition to Motion For Inquiry Pursuant to USC 28 § 1746" ("Transverse") and attached exhibits thereto. Specifically, attached to the Addendum are pages listing the locations of Crop Production Services Farm Centers, one of which is located at 41 Greenleaf Road, Bloomsburg, PA 17815. See Exhibit A to Motion to

4

Begin Inquiry. Attached to Plaintiff's Traverse is a document showing that in September 2003 a Felony Complaint was filed in Michigan against Agrium, Inc. and in that Complaint Agrium, Inc. was described as "Agrium, Inc. a/k/a Crop Production Services." See Exhibit A to Plaintiff's Transverse.

### A. Personal jurisdiction issue.

With these arguments and documents in mind, we turn first to the issue of whether we have personal jurisdiction over Agrium for purposes of Plaintiff's claims against the Agrium. A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant to the extent permissible under the law of the forum state. Fed. R. Civ. P. 4(e); Pennzoil Prod. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir.1998) (citation omitted).

Pennsylvania's long-arm statute, 42 Pa. Cons.Stat. Ann. § 5322(b), states specific scenarios under which a court has jurisdiction over a non-resident defendant. In addition, the statute authorizes Pennsylvania courts 'to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment.'" Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (citing Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992)). Therefore, the statute's reach is coextensive with the Due Process Clause of the Fourteenth Amendment to the United States Constitution and we may exercise personal jurisdiction over Agrium provided that the exercise of such jurisdiction comports with the due process restrictions of the United States Constitution. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 481 (3d Cir. 1993) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984)).

Significantly, courts must resolve the question of personal jurisdiction "based on the

5

circumstances that the particular case presents." Brooks v. Bacardi Rum Corp., 943 F.Supp. 559, 562 (E.D.Pa. 1996) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 485, 105 S.Ct. 2174 (1985). Due process, then, is an individualized inquiry. Mellon Bank, 960 F.2d at 1224-25. Consistent with the requirements of due process, we must ensure that a defendant is subjected to personal jurisdiction only where its activities have been purposefully directed at residents of the forum, or otherwise availed itself of the privilege of conducting activities there. Burger King, 471 U.S. at 472; Hanson v. Denckla, 357 U.S. 235, 253 (1958).

Notably, "[w]hen a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper. The plaintiff meets this burden and presents a *prima facie* case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank (East), 960 F.2d at 1223 (citations omitted). Further, "courts reviewing a motion to dismiss a case for lack of *in personam* jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Carteret Savs. Bank v. Shushan, 954 F.2d 141, 142 n. 1 (3d Cir.), cert. den'd, 506 U.S. 817 (1992).

The due process inquiry turns on the defendant's contacts with the forum state. Personal jurisdiction may be either general or specific, and both the quality and quantity of the necessary contacts differs according to which sort of jurisdiction applies. In the instant matter, while Plaintiff appears to be arguing that this Court has general personal jurisdiction over Defendant, for the sake of completeness, we will analyze both scenarios.

1. Pennsylvania's long-arm statute, 42 Pa.C.S.A. § 5322.

Turning first to Pennsylvania's long-arm statute, the statute states in relevant part:

**§ 5322. Bases of personal jurisdiction over persons outside this Commonwealth**

**(a) General rule.**--A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

(v) The ownership, use or possession of any real property situate within this Commonwealth.

(2) Contracting to supply services or things in this Commonwealth.

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

(5) Having an interest in, using, or possessing real property in this Commonwealth.

(6)(i) Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting.

(ii) Being a person who controls, or who is a director, officer, employee or agent of a person who controls, an insurance company incorporated in this Commonwealth or an alien insurer domiciled in this Commonwealth.

(iii) Engaging in conduct described in section 504 of the act of May 17, 1921 (P.L. 789, No. 285), known as The Insurance Department Act of 1921.

(7) Accepting election or appointment or exercising powers under the authority of this Commonwealth as a:

(I) Personal representative of a decedent.

(ii) Guardian of a minor or incapacitated person.

(iii) Trustee or other fiduciary.

(iv) Director or officer of a corporation.

(8) Executing any bond of any of the persons specified in paragraph (7).

(9) Making application to any government unit for any certificate, license, permit, registration or similar instrument or authorization or exercising any such instrument or authorization.

(10) Committing any violation within the jurisdiction of this Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit.

**(b) Exercise of full constitutional power over nonresidents.**--In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

28 Pa.C.S.A. §5322 (footnote omitted).

Reviewing the allegations of the Second Amended Complaint, as well as Attorney Daniel's Declaration and the documents attached to Plaintiff's various responses to Agrium's Motion to Dismiss, it is clear that this Court does not have jurisdiction over Agrium pursuant to

28 Pa.C.S.A. §5322(a).

Thus we must turn next to 28 Pa.C.S.A. § 5322(b) and examine whether the strictures of constitutional due process (i.e. minimum contacts and notions of "fair play and substantial justice") would be observed by asserting jurisdiction.

2. Specific Personal Jurisdiction.

Specific personal jurisdiction exists "when the plaintiff's claim is related to or arises out of the defendant's contacts with the forum." Mellon Bank, 960 F.2d at 1221. Specific personal jurisdiction comports with due process as long as the defendant has sufficient minimum contacts with the forum state. The due process inquiry must focus on "the relationship among the defendant, the forum, and the litigation." Rush v. Savchuk, 444 U.S. 320, 327 (1980) (*quoting* Shaffer v. Heitner, 433 U.S. 186 (1977)). It has long been recognized that minimum contacts exist where the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. at 253. Put another way, when a defendant's conduct is such that it reasonably should have foreseen being haled into court in the forum, the necessary minimum contacts have been shown. World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Even a single act can support specific jurisdiction, so long as it creates a "substantial connection" with the forum. Burger King, 471 U.S. at 476.

As stated above, it is the plaintiff's burden to demonstrate that the defendant has minimum contacts with the forum. Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984) (*quoting* Compagnie des Bauxites de Guinee v. L'Union, 723 F.2d 357 (3d Cir. 1983)). To meet this burden, a plaintiff "must come forward with sufficient jurisdictional

9

facts by affidavit, depositions or other competent evidence to establish the court's jurisdiction over the defendant." National Precast Crypt Co. v. Dy-Core of Pennsylvania, Inc., 785 F.Supp. 1186, 1189 (W.D.Pa. 1992). "[F]actual discrepancies created by affidavits are generally resolved in favor of the non-moving party." Elbeco Inc. v. Estrella de Plato, Corp., 989 F.Supp. 669, 674 n. 3 (E.D.Pa. 1997).

In the instant case, clearly there are no connections between Plaintiff's claims against Agrium and Pennsylvania. Accordingly, we find that this Court does not have specific personal jurisdiction over Agrium.

3. General personal jurisdiction.

General personal jurisdiction arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. Due process for general personal jurisdiction requires a showing that the defendant has had continuous and systematic contacts with the forum state. Helicopteros Nacionales de Colombia, N.A. v. Hall, 466 U.S. 408, 412-13, 414 n. 8 & 9 (1984).

Thus, the issue is whether Plaintiff has established that Agrium has engaged in "continuous and systematic" activity within Pennsylvania such that Plaintiff has satisfied his burden of establishing that this Court has general personal jurisdiction. See also International Shoe v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Compagnie des Bauxites de Guinea v. Ins. Co. of North America, 651 F.2d 877 (3rd Cir. 1981) (If the claim pursued arises from non-forum related activity, the plaintiff must demonstrate that in other respects the defendant has maintained "continuous and substantial" forum affiliations). "Obviously this is a much higher threshold to meet for the facts required to assert this "general" jurisdiction must be "extensive and

persuasive."Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 588-89 (3d Cir. 1982), quoting Compagnie des Bauxites de Guinea, 651 F.2d at 890 (Gibbons, J., dissenting).

While it is true that the burden of persuasion ultimately rests with the Plaintiff, the Court has difficulty with Agrium's contention that its motion to dismiss for lack of general jurisdiction should be granted because it does not have any contacts with Pennsylvania. See Defendant's Supporting Brief, p. 4. Specifically, the Court is concerned with the Declaration of Attorney Daniel wherein Attorney Daniel declares that "Agrium does not currently conduct business in Pennsylvania or sell its products or services in Pennsylvania. [and] Agrium has not conducted any business in Pennsylvania within the last five years or sold its products or services in Pennsylvania in the last five years," because Plaintiff has come forward with evidence that the Court finds arguably contradictory to this declaration.

This evidence is as follows. First, page 2 of the Agrium pamphlet located at Exhibit C of Plaintiff's Opposition Brief, states: "[u]nderstanding our business segments is important to understanding our performance. We manage and report our business through two primary operating segments [wholesale and retail] and a third non-operating segment [corporate] for corporate. The primary operating segments operate independently and are divided into the following functional areas" and thereafter, under "Retail" is listed Crop Production Services (CPS). Second, the next page of the Agrium pamphlet shows a map of North and South America, lists "retail operating territory," and includes a listing that appears to signify that a Crop Production Services facility is located in northeastern Pennsylvania. Third, Exhibit A to Plaintiff's Addendum is a page from www.cropproductionservices.com dated October 18, 2007,

which lists a Crop Production Services Farm Center as being located at 41 Greenleaf Road, Bloomsburg, Pennsylvania.

In so finding, the Court acknowledges the following arguments made by Agrium in response to Plaintiff's Addendum/Motion to Begin Inquiry: (1) Attorney Daniel's Declaration that "Agrium does not currently conduct business in Pennsylvania," was and is a true statement; (2) Plaintiff's contention that Agrium has a subsidiary that has a farm center in Pennsylvania does not change the fact that Agrium does not currently conduct business in Pennsylvania; and (3) Crop Production Services, Inc. ("CPS") is not a wholly-owned subsidiary of Agrium, Inc., but rather, CPS is a wholly-owned subsidiary of Agrium, U.S., Inc.. The difficulty with all of these arguments is that Agrium has not submitted any affidavits, declarations, or other documentation to support its position.

In the end, given the inconsistency between Attorney Daniel's Declaration and Plaintiff's exhibits in opposition to Defendant's Motion to Dismiss, as well as the failure of the parties to supply the Court with an adequate explanation (accompanied by the proper affidavits, declarations or other evidence) of who these various corporations are, how they interact, and what is their relevance to Plaintiff's lawsuit against Agrium, this Court cannot conclude at this time that Defendant's motion to dismiss for lack of general personal jurisdiction should be granted based upon the argument that Agrium has no contacts with Pennsylvania.

## III. Plaintiff's Motion to Begin Inquiry Pursuant to 28 U.S.C. § 1746.

As stated above, in response to Attorney Daniel's Declaration, Plaintiff filed a "Motion to

12

Begin Inquiry Pursuant to 28 U.S.C. § 1746[1] in which Plaintiff requests that this Court investigate the veracity of Attorney Daniel's Declaration.

As also stated above, Agrium filed a response to Plaintiff's Addendum/Motion to Begin Inquiry in which it argues that: (1) Plaintiff's motion should be denied because the statement in Attorney Daniel's Declaration that "Agrium does not currently conduct business in Pennsylvania," was and is a true statement; (2) Plaintiff's contention that Agrium has a subsidiary that has a farm center in Pennsylvania does not change the fact that Agrium does not currently conduct business in Pennsylvania; and (3) Crop Production Services, Inc. ("CPS") is not a wholly-owned subsidiary

---

[1] 28 U.S.C. 1746 is entitled, Unsworn declarations under penalty of perjury," and states in its entirety:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

**(1)** If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

(Signature)".

**(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

28 U.S.C. § 1746.

of Agrium, Inc., but rather, CPS is a wholly-owned subsidiary of Agrium, U.S., Inc..

We concluded above that based upon the limited evidence submitted on the issue of general personal jurisdiction, there appeared to be an inconsistency between Attorney Daniel's Declaration and certain information contained in exhibits filed by Plaintiff in opposition to Defendant's Motion to Dismiss such that Defendant's motion to dismiss could not be granted at this time. But this finding does not mean that Attorney Daniel needs to be investigated for perjury. Rather, such a conclusion dictates that there a need in this case for fact discovery to be conducted in order to discover who these various corporations are, how they interact, and ultimately, what relevance these various corporation have to Plaintiff's lawsuit against Agrium, Inc. Accordingly, Plaintiff's "Motion to Begin Inquiry pursuant to U.S.C. 28 §1746." is denied.

## IV. Defendant's Motion to Dismiss for Improper Venue.

Agrium also argues that even if this Court has personal jurisdiction over it, this Court still should dismiss Plaintiff's claims against it pursuant to 28 U.S.C. § 1406 because this Court is not the improper venue for litigating this case.

As explained in Cumberland Truck Equipment Co. v. Detroit Diesel Corp., 401 F.Supp.2d 415, 419-420 (E.D.Pa. 2005):

> [c]ourts generally consider the question of personal **jurisdiction** before addressing the issue of proper **venue**. *See Leroy v. Great W. United Corp.,* 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979) ("The question of personal **jurisdiction**, which goes to the court's power to exercise control over parties, is typically **decided** in advance of **venue**, which is primarily a matter of choosing a convenient forum."); *see also Madotto v. Rosman,* Civ. A. No. 98-3221, 1998 WL 961390, at *2 (E.D.Pa. Dec.10, 1998). A court may, however, **first** analyze the question of **venue** when "the resolution of the **venue** issue 'resolves' the case before [the] Court. *Lomanno v. Black,* 285 F.Supp.2d 637, 640 (E.D.Pa.2003) (quoting Leech v. First Commodity Corp. of Boston, 553 F.Supp. 688, 689 (W.D.Pa.1982)); *see also Wojtunik v. Kealy,* Civ. A. No. 02-8410, 2003 WL 22006240, at *2 (E.D.Pa.

14

> Aug.26, 2003) (holding that courts may begin with the **venue** analysis when a sound justification exists to do so). Indeed, when "defendants have challenged a court's power over their persons and, at the same time, have moved alternatively for transfer, the interests of judicial economy are best served by initial address of the transfer issue. *Lomanno,* 285 F.Supp.2d at 640 (*quoting Teleprompter Corp. v. Polinsky,* 447 F.Supp. 53, 54-55 (S.D.N.Y.1977)). Furthermore, a court has the power to transfer a case pursuant to venue transfer statutes without possessing personal jurisdiction over the defendants. *See Goldlawr, Inc., v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.); *United States v. Berkowitz,* 328 F.2d 358, 361 (3d Cir.1964) (extending *Goldlawr* rationale to venue transfers under § 1404(a)).

Id. at 419-420 (emphasis in original). Thus, even though this Court has concluded that we do not have sufficient evidence before us to decide the issue of whether we have general personal jurisdiction over Agrium, nonetheless we have the authority to decide whether we are a proper venue for Plaintiff's lawsuit against Agrium.

This case is before us on the basis of diversity jurisdiction. Therefore, the applicable venue statute is 28 U.S.C. § 1391, entitled "general venue," which states in relevant part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> . . .
>
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than

one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391 (a) and (c).

Applying 28 U.S.C. § 1391 to the facts currently before this Court, even if we found that this Court has personal jurisdiction over Agrium, it is clear that any contacts Agrium has with the Commonwealth of Pennsylvania are not within the confines of the Western District of Pennsylvania. Therefore, we find that the Western District of Pennsylvania is not "a judicial district where any defendant resides" as required by 28 U.S.C. § 1391(a) (1) and (c). Moreover, since Plaintiff's Second Amended Complaint does not make any allegations from which it could be concluded that any of the relevant conduct underlying his claims against Agrium took place in the Western District of Pennsylvania, clearly the Western District of Pennsylvania is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391 (a)(2). Finally, we find that the requirements of 28 U.S.C. § 1391(a)(3), that an action can be brought in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought," are not met under the facts of this case because this matter can be brought in the United States District Court for the Eastern District of Michigan, where Plaintiff's farm was located. See Second Amended Complaint, ¶ 3 ("Kuehnemund Potato Farms was a business organization, operated by Plaintiff in the City of AuGres, County of Arenac, State of Michigan."). Accordingly,

the Western District of Pennsylvania is not the proper venue for the adjudication of the merits of Plaintiff's claims against Agrium.

Given our conclusion that this district is not the proper venue for the adjudication of Plaintiff's claims against Agrium, the next issue to be decided is what to do with Plaintiff's Second Amended Complaint against Defendant. Defendant asks that we dismiss Plaintiff's case in its entirety with prejudice.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division of district shall dismiss, or if it is in the interest of justice, transfer such case to any district or division in which it could have been brought." Id. We find that it is in the interests of justice to transfer this matter to the United States District Court for the Eastern District of Michigan, a district in which the lawsuit could have been brought.

## V. Conclusion.

Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue is denied. Plaintiff's Motion to Begin Inquiry is denied. This case shall be transferred to the United States District Court for the Eastern District of Michigan for further proceedings as that court deems proper. An appropriate Order will follow.

November 7, 2007

Maurice B. Cohill, Jr.
Senior District Court Judge

17